UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLLEEN SUTHERLAND et al | CIVIL ACTION NO. 2:13-cv-00572 |
| VERSUS | SECTION "C" (3) |
| ARTS CENTER ENTERPRISES-NEW ORLEANS et al | HON. HELEN BERRIGAN |

* * * * * * * * * * * * * * * * * * * *

### PLAINTIFFS MEMORANDUM RE JURISDICTIONAL MINIMUM

**MAY IT PLEASE THE COURT**:

Via Order dated 4-1-13, this Honorable Court ordered that "the parties shall file memoranda directed to the issue whether the jurisdictional minimum existed at the time of removal" and further ordered that "[a]ffirmative proof of damages, including a copy of the proof of loss, shall be provided." *R. Doc. 7*

Upon receipt of said Order, undersigned counsel contacted the Court's civil law clerk for clarification of the intent of the Court's Order relative to "affirmative proof of damages, including a copy of the proof of loss" since, the instant matter being that of a personal injury claim as opposed to a homeowner's insurance claim, no "proof of loss" was available. Undersigned Counsel was advised that the parties were to disregard the "affirmative proof of damages" / "proof of loss" provision.

As ordered, Plaintiffs hereby submit their Memorandum Re Jurisdictional Minimum at the time of removal, to wit:

## I. ANALYSIS

As this Honorable Court is aware, the monetary value of any personal injury claim is dependent upon the trier of fact's evaluation and determination of liability, causation and damages.

### A. LIABILITY:

In the instant matter, Plaintiff Glenn Sutherland and his wife Colleen were audience members attending a performance of the "Rock of Ages" show at the Mahalia Jackson Theater on November 6, 2011. Glenn Sutherland was seated in the first aisle seat in the row in which the couple was sitting. During the performance, and apparently as part of the performance, an actor in the show entered the area in which the audience was seated and ran and/or danced down the aisle and then suddenly jumped on top of Glen Sutherland's seated body, injuring him and more particularly but not exclusively, severely injuring his right knee. Specifically, the act of jumping on Mr. Sutherland tore Mr. Sutherland's right lateral meniscus, sprained his anterior cruciate ligament and injured his patellofemoral joint.

### B. CAUSATION:

As a result of the trauma sustained as described above, Mr. Sutherland initially underwent physical therapy and when that proved unsuccessful, he was subsequently forced to undergo arthroscopic knee surgery. On January 26, 2012, Dr. Tim Finney, MD performed surgery on Mr. Sutherland's right knee.. Mr. Sutherland underwent post surgical physical therapy but, despite undergoing such therapy, he continued to experience pain, weakness and instability in his right knee. Mr. Sutherland next sought additional treatment and a second

opinion from Dr. Fernando Sanchez, MD of Tulane Medical Center. Dr. Sanchez performed an orthopaedic examination of Mr. Sutherland on March 8, 2013. The report of Dr. Sanchez has not yet been received so no definitive representations can be made at this time regarding the findings of Dr. Sanchez. It can however be stated that Mr. Sutherland continues to date to report continued instability and weakness in his right knee, now approximately 1 and ½ years post injury.

## C. DAMAGES

Mr. Sutherland's medical specials to date as a result of his physical therapy, surgery and continued medical treatment total $14,716.34 (Fourteen thousand seven hundred and sixteen dollars and 34/100).

Mr. Sutherland's economic losses have not yet been determined. At the time of the subject incident, Mr. Sutherland was 62 years old and was "between jobs", having been "laid off" from his employment at Langenstein's in Metairie. At the time that Mr. Sutherland's employment with Langenstein's ceased, he was earning approximately $ 19,000 per year. It is Plaintiff's assertion that, but for the injuries he suffered in the subject incident, he would have secured alternate employment by December, 2011. Mr. Sutherland has, to date, not been able to secure alternate employment since the date of this incident, a fact which he attributes to his continuing knee symptomology.

As a review of available general damage quantum studies for similar knee injuries with similar medical treatment will attest, awards for such injuries vary greatly. Any exact determination of the likely award Mr. Sutherland could reasonably expect to receive upon trial is complicated by the fact that he is still experiencing adverse symptomology and he is still receiving medical treatment. Further, Dr. Sanchez's medical report of his findings upon

examination of Mr. Sutherland on 3-8-13 has not yet been received so it is unknown as to what, if any, further physical therapy, treatment or surgery Dr. Sanchez might recommend .

All of the above notwithstanding, and in an effort to provide this Honorable Court with the results of the quantum research conducted by Plaintiffs' Counsel thus far, the lowest award for trauma requiring arthroscopic knee surgery located thus far has been in the amount of $40,000.00; the highest award, $350,000.00. The following additional awards for similar injuries with similar treatment are also offered for this Honorable Court's consideration:

> Varnell vs. Louisiana Tech University, 709 So. 2d 890 (La. App. 2nd Cir. 1998);
> A woman slipped and fell in her daughter's dorm room, injuring one knee and requiring arthroscopic surgery. She was released from doctor's care with instructions not to stoop, bend or squat for extended periods. Trial court awarded **general damages of $325,000.**
>
> Stewart v. Ice, 982 So.2d 928, 2007-0871, (La. App. 4 Cir. 4/9/08);
> Plaintiff suffered low back injury which caused pain and prevented prolonged bending or stooping. No spinal surgery indicated. Plaintiff also suffered knee injury including meniscus injury and ligament damage. Plaintiff had been recommended to undergo arthroscopic surgery but no surgery by time of trial. Knee injury prevented squatting, kneeling, crawling or climbing. **General damage award of $350,000.00**
>
> Jackson v. Cockerham, 931 So.2d 1138, (La. App 4 Cir. 5/10/06);
> Plaintiff sustained knee injures when bus in which he was riding was struck by tractor trailer truck.  Plaintiff had arthroscopic surgery to repair ACL and meniscus.  **General Damage award of $300,000.00**
>
> Evans v. Natchitoches, 927 So.2d 608,  2005-1278 (La. App. 3 Cir. 4/5/06);
> Eleven year old girl injured her knee when she stepped into an open manhole. She underwent surgery to repair a torn ACL and continued to have occasional swelling, or locking. Trial Court's  award of **$250,000 in general damages** affirmed on appeal.
>
> Crisler v. Paige One, 974 So.2d 125, 42,563 (La. App. 2 Cir. 1/9/08);
> Plaintiff fell onto both knees - some pre-existing arthritis - underwent arthroscopic surgery. **General damages of $200,000 plus specials.**
>
> Este v. Roussel, 833 So.2d 999 (La. App. 4 Cir.,2002);
> Plaintiff alleged knee injuries resulting from an auto accident and asserted that the jury verdict for general damages (pain and suffering) was too low. The appellate court agreed, but pointed out  that in that situation, it was able only to raise the verdict to the *lowest* allowable damage award. Plaintiff suffered aggravation of pre-existing arthritis of

knee and treated for only 3 ½ months before returning to pre-accident condition. **Lowest possible award of general damages was determined to be $60,000.00.**

Winfield v Dih, 816 So.2d 942 (La. App. 4 Cir., 4/24/02);
Plaintiff sustained a right knee injury resulting from an auto accident. Had MRI which resulted in arthroscopic surgery. During surgery, physician found a tear in the medial and the lateral meniscus and opined that patient would have a better than fifty percent probability of developing arthritis in knee. **General Damages of $40,000 plus specials**.

Cooley v. Allstate Ins. Co., 443 So.2d 739 (La.App. 4th Cir.), writ denied 446 So.2d 1229 (La.1984), the appellate court determined that **$90,000 was the lowest reasonable award** for a plaintiff who had suffered a permanent loss of 10 to 15 degrees mobility in her left knee as a result of an injury

Younce v. Pacific Gulf Marine, Inc.,817 So.2d 255 (La. App. 5 Cir. 4/10/02);
the trial court awarded **$68,000 in general damages** for a knee surgery. Plaintiff sustained a knee injury when he was lifted and dropped form a cargo cage. An arthoroscopy revealed several conditions: a large contusion, located in the same spot as a bruise, a partial tear of the medial meniscus, and chondromalchia (softened cartilage under the kneecap). Plaintiff was diagnosed with a five to ten percent impairment anatomical disability of the left knee.

Corliss vs. Elevating Boats, (La. App. 4th Cir. 1992); 599 So.2d 434 where the Court awarded **$75,000.00 in general damages** to a plaintiff who fell down steps and sustained injuries to a medial meniscus which required arthroscopy surgery.

Mouton vs. Tug "IRONWORKER" 86-3454 (5th Cir 3/10/87); 811 F.2d 946 where the US Fifth Cir. affirmed a USDC-EDLA awarded of **$175,000.00 in general damages** (reduced by 15% comparative negligence on part of seaman) whom sustained a large bucket handle tear of the medial meniscus from jumping from vessel to dock (no gang plank). Arthroscopy surgery was attempted but a small incision was required to make the repairs. 5-10% permanent anatomical impairment of left leg.

## II. CONCLUSION:

It is indeed possible that the trier of fact could award damages to Plaintiffs Sutherland less than the jurisdictional amount necessary for federal subject matter jurisdiction. None of the above cited cases are an exact match with the specific facts of the instant matter as each case is unique in its own facts. There are also likely to be awards that are considerably below the sums

noted above. Nonetheless, Plaintiffs are of the good faith belief that the amount in controversy exceeds $75,000, exclusive of interest and costs and hence they answered the Defendants' discovery accordingly. Plaintiffs chose to bring their action in Louisiana state court; Defendants obviously prefer this Honorable Court within which to have this matter adjudicated. By no means have Plaintiffs "consented to subject matter jurisdiction" and certainly would have filed a Motion To Remand had there existed a belief by Counsel that there was a good faith basis to do so. If this Honorable Court is of the opinion that it is unlikely that Plaintiffs can reasonably expect an award satisfying the requisite jurisdictional amount for federal subject matter jurisdiction, Plaintiffs obviously defer to Your Honor's learned view.

Respectfully submitted:

/s/ Val P. Exnicios
**VAL PATRICK EXNICIOS, T.A.  (LA Bar #19563)**
Carlos A. Ramirez (LA #31532)
*Liska, Exnicios & Nungesser*
Attorneys & Counselors-at-Law
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
(504) 410-9611
Fax: (504) 410-9937
Vpexnicios@exnicioslaw.com
Cramirez@exnicioslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants:

/s/ Val P. Exnicios
Val P. Exnicios #19563