UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLLEEN M. KOTTEMANN SUTHERLAND wife of/and GLENN SUTHERLAND | CIVIL ACTION NO.: 13-572 |
| VERSUS | SECTION: "C" (3) |
| ARTS CENTER ENTERPRISES – NEW ORLEANS, LLC, ETC, ET AL | JURY DEMAND |

**MEMORANDUM DIRECTED TO THE ISSUE OF WHETHER JURISDICTIONAL MINIMUM EXISTED AT THE TIME OF REMOVAL**

NOW INTO COURT, through undersigned counsel, come defendants, Arts Center Enterprises – New Orleans, LLC d/b/a Mahalia Jackson Theater ("Arts Center"), Phoenix-Ent., LLC d/b/a Phoenix Entertainment, Bourbon Room Rocks, LLC ("Bourbon Room Rocks"), Key Brand Entertainment, Inc. d/b/a Broadway Across America, Stephen Kane and Michael Mcfadden[1] (collectively, the "Defendants), who jointly submit this memorandum on jurisdictional amount as ordered by this Honorable Court.  See April 1, 2013 Order (Record Doc. 7).

I.   FACTUAL AND PROCEDURAL HISTORY

This matter arises out of an alleged incident that occurred when Glenn Sutherland and his wife, Colleen(collectively, the "Plaintiffs), were attending a performance of the Broadway show, Rock of Ages, at the Mahalia Jackson Theater in New Orleans, Louisiana on November 6, 2011.  The Plaintiffs suit was originally filed in the Civil District Court for the Parish of Orleans on November 5, 2012.  See Petition for Damages attached hereto as Exhibit 1.  Until the

---

[1] Defendants, Kristin Hanggi and Kelly Devine have not yet filed responsive pleadings.  The requisite consents to removal were obtained from those defendants and filed with the Notice of Removal.

Defendants were served with the petition over a year after the alleged incident, none of them had any knowledge of the incident or Plaintiffs' claims.

Consistent with La. C. Civ. Proc. Art. 893(A)(1), the Plaintiffs' petition did not contain a demand for a specific monetary amount of damages. La. C. Civ. Proc. Art. 893(A)(1) ("No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended or incidental demand"). Plaintiffs' original petition did not include an allegation that their claim exceeded or was less than the requisite amount (i.e. $50,000 exclusive of interests and costs) to establish the right to a jury trial. The petition was also silent as to whether the matter in controversy exceeded the sum or value of $75,000 exclusive of interest and costs.

In the petition, Plaintiffs asserted that plaintiff, Glenn Sutherland, had sustained a knee injury in the November 6, 2011 incident that subsequently required surgical intervention. See Exhibit 1, ¶ III. The petition was silent as to the type of knee injury and the type of surgery that was performed. The amount of Mr. Sutherland's medical expenses was not stated in the petition. Plaintiffs made no allegation in the petition of the specific amount of Mr. Sutherland's lost wages or loss of earning capacity, but rather simply included a general allegation that he had lost past, present and future economic income. See Exhibit 1, ¶ VI. Plaintiffs alleged they were entitled general and special damages in a sum sufficient to fully compensate them, but otherwise offered no specific information from which one could determine the amount in dispute. See Exhibit 1, ¶ II. It was, thus, not facially apparent from the petition that the amount in dispute exceeded the sum of $75,000 exclusive of interest and costs.

## II. IT BECAME APPARENT FROM PLAINTIFFS' ANSWERS TO INTERROGATORIES AND RESPONSES TO REQUEST FOR PRODUCTION OF DOCMENTS THAT THE AMOUNT IN DISPUTE EXCEEDED $75,000

### A. Mr. Sutherland's Answers to Interrogatories

Because of the absence of specific damages information in the petition, Defendants, Bourbon Room Rocks, LLC, propounded Interrogatories to the plaintiff in accordance with La. C. Civ. Proc. Art. 893(A)(1) which provides that a defendant may, by interrogatory, seek specification of the amount sought as damages. See Plaintiff's Answers to First Set of Interrogatories propounded to plaintiffs by defendant, Bourbon Room Rocks attached hereto as Exhibit 2.[2] The other Defendants also propounded similar interrogatories. In its Interrogatories, Bourbon Room Rocks asked Mr. Sutherland for, *inter alia*, information regarding his age (Interrogatory No. 1), his employment and wage earning history (Interrogatory Nos. 5 and 6), the nature of his injuries (Interrogatory No 7), who treated him for his alleged injuries (Interrogatory No 10), lost wages and loss of earning capacity information (Interrogatory Nos. 12 and 13), the exact amount of the damages he was seeking, both general and special (Interrogatory No. 14), and whether he believed his damages exceeded $75,000 (Interrogatory No. 34).

In its Interrogatories, Arts Center asked Mr. Sutherland if had recovered from his injuries (Arts Center Interrogatory No. 3), whether he was still under treatment (Arts Center Interrogatory No. 4), and whether he had sustained any financial losses because of the incident

---

[2] Plaintiff's Answers to Interrogatories incorporate the interrogatories which had been propounded.

(Arts Center Interrogatory No. 15).  <u>See</u> Plaintiff's Answers to Interrogatories of Arts Center attached hereto as Exhibit 3.

Mr. Sutherland's Answers to Bourbon Room Rock's Interrogatory Nos. 5 & 6 revealed that while he had not been employed since 2010, he had worked from 2006 to 2010 earning approximately $18,000 to $20,000 a year at a local grocery store.  According to his answers to Bourbon Room Rocks' Interrogatory Nos. 12 & 13, Mr. Sutherland believed himself to be disabled from employment beginning with the incident on November 6, 2011 (i.e., the date of the alleged accident).  His answers to Interrogatory Nos. 1 & 12 reveal that he was 62-years old at the time of the accident and that he was making a claim of impairment capacity because he believed that, but for the accident, he would have secured employment within 30 days of his injury.  Mr. Sutherland goes on to explain in his Answer to Interrogatory No. 12 that he is unsure as to the amount of his impairment of earning capacity claim but that he would be hiring an economist to determine the amount.

In regard to the amount of his total general and special damages, Mr. Sutherland answered Interrogatory Nos. 14 and 34 by stating that the amount was unknown to him as of the time he answered the Interrogatories but he believed the damages exceeded $75,000.

In his answers to the Interrogatories propounded by Arts Center, Mr. Sutherland explained that he had not fully recovered from his injuries, and still had difficulty getting around and standing up. (Answer to Arts Center Interrogatory No 3). He also stated that the right knee injury affected his ability to get a job, help around the house and bowl like he did before the accident. (Answer to Arts Center Interrogatory No. 3).  He went on to assert that he still had limitations and pain and planned to follow up with another orthopedic surgeon for a second

opinion. (Mr. Sutherland's Answer to Arts Center Interrogatory No. 9). According to Mr. Sutherland he was also still unable to work. (Mr. Sutherland's Answers to Arts Center Interrogatory No. 15)

As of the time Mr. Sutherland answered discovery on February 27, 2013, he had offered support for his assertion that his damages exceeded $75,000 by explaining that he had received injuries to his right leg, calf and knee in the incident (Answer to Bourbon Room Rocks Interrogatory No. 7), that he did not have knee problems prior to the incident(Answer to Bourbon Room Rocks Interrogatory No 7), that he had been treated by a chiropractor and an orthopedists for the injuries (Answer to Bourbon Room Rocks Interrogatory No 10), that his injuries required surgery (the Petition, ¶ III), that he had to use crutches and a brace because of his injuries which affected his ability to find a job and get hired (Answer to Bourbon Room Rocks Interrogatory No. 12), that the injuries affected his ability to engage in his bowling hobby (Answer to Bourbon Room Rocks Interrogatory no. 12), that he can no longer cut grass or do other household chores, (Answer to Bourbon Room Rocks Interrogatory No. 12), that he started receiving social security benefits in January 2013 (Answer to Bourbon Room Rocks Interrogatory No. 12), that he has not fully recovered and still has difficulty getting around and standing up (Answers to Arts Center Interrogatory No. 3), still has limitations and pain (Answers to Arts Center Interrogatory No. 3) and planned to seek a second opinion from another orthopedic (Arts Center Interrogatory No. 9).

B. <u>Mr. Sutherland's Responses to Request for Production of Documents</u>

When plaintiff answered the above referenced Interrogatories, he also responded to the Request for Production of Documents from Bourbon Room Rocks and some of the other

Defendants and produced medical records from Chiropractic Health Center, Jefferson Ambulatory Surgery Center, and Southern Orthopedic Specialists which revealed medical treatment received by Glenn Sutherland subsequent to November 6, 2011.  <u>See</u> Mr. Sutherland's Response to Request for Production of Documents propounded by Bourbon Room Rocks attached as Exhibit 4.  The medical records produced in discovery reflected some brief ultrasound therapy to Mr. Sutherland's right knee by his chiropractor after the incident, and then treatment by his orthopedist (Timothy P. Finney, M.D. of Southern Orthopedic Specialists) which included a right knee surgery described as an arthroscopic right knee partial lateral meniscectomy and a right knee arthroscopic debridement and chondroplasty of Mr. Sutherland's patella femoral joint and lateral compartment.  The arthroscopic surgery was performed on January 26, 2012 to address 1) a complex tear of the lateral meniscus in Mr. Sutherland's right knee, 2) a grade 2 sprain of the anterior cruciate ligament in Mr. Sutherland's right knee and 3) grade 3 chondromalacia of the patella femoral joint and lateral compartment of Mr. Sutherland's right knee.  The medical records and bills produced by Mr. Sutherland in response to the Request for Production of Documents propounded by Bourbon Room Rocks reveal medical expenses totaling $14,012.29.  The certified medical records obtained by Bourbon Room Rocks directly from the aforementioned healthcare providers have confirmed those charges.

    **III.**    **ONCE IT BECAME APPARENT THAT THE AMOUNT IN DISPUTE EXCEEDED $75,000, REMOVAL WAS APPROPRIATE**

Based upon plaintiff's Answers to Interrogatories and his Responses to Request for Production of Documents, Defendants removed this matter to federal court on March 28, 2013.  The removal was based upon the presence of diversity jurisdiction within the meaning of 28

U.S.C. § 1332. The removal to this court was appropriate since a defendant may remove state court civil actions to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(A); *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 34, 123 S.Ct. 366, 154 L. Ed. 2d 368 (2002). Diversity jurisdiction exists when there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003). Defendants, as the removing parties in this case, bear the burden of showing that federal jurisdiction exists. *Allen v. R&H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Clearly, original jurisdiction exists in this matter.

 A. <u>The Diveristy Of Citizenship Requirment Is Met</u>

  Defendants are not aware of there being any dispute that there is complete diversity of citizenship between the Plaintiffs and all Defendants. Defendants also do not read the court's April 1, 2013 order as requiring briefing on the issue of diversity of citizenship. However, out of an abundance of caution, Defendants point out that according to the Plaintiffs' petition, Plaintiffs are Louisiana citizens. As evidenced by the Notice of Removal, the various Defendants are citizens of the states of Maryland, Florida, Texas, Connecticut, New York and California, respectively.

  Defendants, Arts Center, Phoenix-Ent., LLC and Bourbon Room Rocks are limited liability companies. Under the law in the Fifth Circuit, limited liability companies take the citizenship of their members. See *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008); *Thomas v. Wal Mart Stores, Inc.*, 11-2365, 2012 U.S. Dist. Lexis 40563 at *4, 2012 WL 1019822, *2 (E. D. La. 3/26/2012); *Alexander v. Myers Law Group*, 12-1746, 2012 U.S. Dist. Lexis 178045, 2012 WL 6569762 (E. D. La. 12/17/2012). The members of Arts Center are individuals who are

residents and citizens of the State of Texas and Connecticut, respectively. The members of Phoenix-Ent., LLC and Bourbon Room Rocks are Michael McFadden and Stephen Kane, who are residents of the states of Maryland and Florida, respectively. Key Brand Entertainment, Inc. is a corporation and, hence, it is considered to be a citizen of the state of incorporation in the state in which its primary place of business is located. 28 U.S.C. 1332(C)(1). Key Brand Entertainment, Inc. was incorporated in Texas and has its principal place of business in New York. The individual Defendants, Stephen Kane, Michael McFadden, Kristin Hanggi and Kelly Devine are residents of Florida, Maryland, California and New York, respectively. It is, thus, clear that there is complete diversity of citizenship between all Plaintiffs and all Defendants.

B. The Amount In Controversy Exceeds $75,000 Exclusive Of Interest And Costs

As Judge Vance of the Eastern District recently recognized, the burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *Allen*, 63 F 3d at 1335; *McCord v. ASI Lloyds/ASI Underwriters*, 2013 U.S. Dist. Lexis 40174, 3013 WL 1196671 (E.D. La. 3/22/2013). If the plaintiff alleges a damages figure in excess of the required amount in controversy, "that amount controls if made in good faith". *Allen*, 63 F. 3d at 1335. If the plaintiff pleads damages less than the jurisdictional amount, that figure would also control and bar removal. In this instance, Plaintiffs' petition does not allege a specific amount of monetary damages. Plaintiffs' Answers to Interrogatories also do not allege a specific amount of monetary damages, but do include the general statement that Plaintiffs' damages exceed $75,000. Courts typically treat such general allegations as stating an indeterminate amount of damages *McCord*, *supra* at *4-5. *Mouton v. Merit-plan Ins. Co.*, 10-1643, 2010 U.S. Dist. Lexis 90649, 2010 WL 2978495

at *2 n. 15 (E. D. La 07/20/2010); *Hammel v. State Farm Fire & Casualty Co.*, 06-7470, 06-9615, 2007 U.S. Dist. Lexis 10120, 2007 WL 519280 at *3 (E.D. La. 02/14/2007).

Since Plaintiffs have alleged an indeterminate amount of damages, it is the burden of the removing Defendants to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *McCord, supra* at *5; *Simon v. Wal Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F. 3d at 1335. Defendants can satisfy this burden by showing either 1) that it is facially apparent that the Plaintiffs' claim likely exceeds the jurisdictional amount or 2) by setting forth the facts in dispute that support a finding that the jurisdictional amount is satisfied. *Allen, supra; McCord, supra.*

In the instant matter, Defendants meet their burden under both of the applicable statutes. Even if it were not facially apparent that Plaintiffs' claims likely exceed the jurisdictional amount, the facts in dispute support a finding that the jurisdictional amount is satisfied. According to the law in the Fifth Circuit, if the facially apparent test is not met, it is appropriate for the court to consider summary judgment type evidence relative to the amount in controversy at the time of removal. *Allen, supra; McCord, supra.* According to Federal Rule of Civil Procedure 56(C)(1)(A), summary judgment type evidence includes depositions, documents, electronically stored information, affidavits and declarations, stipulations, admissions, interrogatory answers or other materials. The summary judgment type evidence which existed as of the time of removal in this case established that the amount in controversy does meet the $75,000 threshold. According to plaintiff's Answers to Interrogatories, he believes his damages exceed $75,000 since he sustained severe and debilitating knee injuries which required surgical intervention and have resulted in permanent disability. Plaintiff asserts in his Answers to

Interrogatories that the knee injury has affected his ability to find a job and/or get hired, affected his performance in a bowling league and now preclude him from being able to cut his grass or do other household chores. He claims in his Answers to Interrogatories to have been awarded Social Security Disability benefits in January 2013. Plaintiff reveals in his Answers to Interrogatories that he is 62-years old and apparently planned to return to work, although he had been out of work since 2010. He asserts that he was making $18,000 to $20,000 while employed at a local grocery store from 2006 to 2010 and presumably will assert that he had the capacity to earn those type of wages were it not for this alleged injury.

Responses to interrogatories are summary judgment type evidence and may be considered when calculating the amount in controversy. *White, supra.* (finding that the amount in controversy requirement was met after considering plaintiff's response to interrogatories itemizing her damages.); *Cutrer v. Scottsdale Ins. Co.*, 08-1658, 2009 U.S. Dist. Lexis 74105, 2009 WL 2448047 at *5 (E.D. LA. 08/06/2009) (relying on plaintiff's responses to discovery requests when determining that the amount in controversy likely exceeds $75,000.)

In addition to the Answers to Interrogatories, Mr. Sutherland has produced medical records which confirm that he underwent treatment, including surgery, for right knee problems following the accident and incurred $14,012.29 in medical expenses. Although Mr. Sutherland's claims are disputed, the disputed evidence establishes that the amount in dispute meets the $75,000 jurisdictional minimum.

C. <u>Removal Is Appropriate For Both Plaintiffs Pursuant To The Authority Of 28 U.S.C. 1367</u>

Although not specifically requested in the Order from this Honorable Court, defendant, in an abundance of caution, briefly addresses the issue of multiple plaintiffs as relates to the

amount in controversy. In a decision from the United States District Court for the Western District of Louisiana, a husband and wife James and Linda Terry filed suit in state court for injuries that were allegedly sustained from the same motor vehicle accident. *Terry vs. National American Insurance Co.*, 2007 WL 4590060 (United States District Court, W.D. Louisiana, Alexandria Division, Nov. 20, 2007). The defendant removed the matter after receiving answers to discovery responses from James Terry, in which Mr. Terry alleged entitlement to damages of $400,000.00. In reviewing the suitability of Removal, the Court noted,

> "There is no evidence before me as to the value of Linda Terry's claim and it is not readily apparent that her claim exceeds the jurisdictional limit. Indeed, as noted earlier, she answered interrogatories asserting that her claim did <u>not</u> exceed the jurisdictional limit. In addition, her claim may not be aggregated with that of her husband, James Terry, in order to meet the jurisdictional limit. Jurisdiction over her claim may, however, exist if she is a pendent party. Pursuant to 28 U.S.C. 1367, the Court has pendent party jurisdiction if the Claims are so interrelated that they form part of the same case or controversy. Here the claims are for damages to a husband and his wife who was riding as a guest passenger in the vehicle. <u>Judicial efficiency would not be served by requiring the case to be tried twice – once as to the husband in federal court and once as to the wife in state court.</u> The claims of both diverse parties should be heard in federal court pursuant to the authority of 28 U.S.C. 1367. The fact that Linda Terry's claim does not, by itself, reach the jurisdictional limit of this Court is no impediment to this Court's exercise of jurisdiction over it." *Terry vs. National American Insurance Co.*, 2007 WL 4590060 (United States District Court, W.D. Louisiana, Alexandria Division, Nov. 20, 2007).

Additional support for this analysis is garnered from a recent decision of the United States Supreme Court. *Exxon Mobil Corporation vs. Allapattah Services, Inc. et al.*, 125 S.Ct. 2611 (U.S. Supreme Court, June 23, 2005). In this decision, the Court held that the supplemental jurisdiction statute permits the exercise of diversity jurisdiction over additional plaintiffs who fail to satisfy minimum amount-in-controversy requirement, as long as other elements of

diversity jurisdiction are present and at least one named plaintiff satisfies the amount in controversy. *Id. at 559.*

Thus, even if the plaintiff Colleen Sutherland were to stipulate, or argue, that her damages do not reach the minimum jurisdictional threshold, this is of no consequence. Rather, the evidence offered by the plaintiffs establishes that the amount in dispute for the claims of plaintiff, Glenn Sutherland, meets the $75,000.00 jurisdictional threshold. As such, the requirements of diversity jurisdiction are met for the plaintiff Glenn Sutherland, and this Honorable Court, in the interest of judicial efficiency, should also hear the claim of Colleen Sutherland, pursuant to the authority conferred by supplemental jurisdiction, i.e, 28 U.S.C. 1367.

IV. <u>CONCLUSION</u>

In sum, the available evidence overwhelmingly supports that the jurisdictional amount of greater than $75,000.00 is satisfied in the instant matter. The plaintiffs' responses to discovery requests affirmatively allege that more than $75,000.00 is at issue. Moreover, the medical bills and records obtained thus far further support that the requisite jurisdictional amount is satisfied. As such, defendant avers that all requirements are met for this Honorable Court to exercise subject matter jurisdiction over this matter.

Respectfully submitted,

_/s/ Thomas H. Huval_
THOMAS H. HUVAL (#21725)
Stefini W. Salles (#25857)
HUVAL, VEAZEY, FELDER, & RENEGAR, LLC
532 East Boston Street
Covington, Louisiana 70433
Telephone: (985) 809-3800
Facsimile: (985) 809-3801
Email: thuval@hvfa-law.com
**Attorneys for Defendants, Bourbon Room Rocks, LLC, Michael McFadden and Stephen Kane**

_/s/ Sean P. Mount_
DOMINIC J. OVELLA (#15030)
dovella@hmhlp.com
SEAN P. MOUNT (#27584)
smount@hmhlp.com
STEPHEN C. KOGOS, (#31817)
skogos@hmhlp.com
HAILEY, MCNAMARA, HALL, LARMANN & PAPALE, L.L.P.
One Galleria Blvd., Suite 1400
Metairie, Louisiana   70011
Telephone: 504-836-6500
Facsimile: 504-836-6565
Email: sean_mount@haileymcnamara.com
**Attorneys for Defendant, Arts Center Enterprises-New Orleans, LLC d/b/a Mahalia Jackson Theater**

_/s/ Michael R.C. Riess_
MICHAEL R.C. RIESS (#02073)
KINGSMILL RIESS, LLC
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana   70170
Telephone: 504-619-6142
Facsimile: 504-581-3310
Email: mriess@kingsmillriess.com

Attorneys for Phoenix-Ent., LLC d/b/a Phoenix Entertainment


        */s/ Joseph Maselli, Jr.*
**JOSEPH MASELLI, JR. (#9021)**
**PLAUCHÉ, MASELLI & PARKERSON, LLP**
701 Poydras Street, Suite 3800
New Orleans, Louisiana   70139-7915
Telephone: 504-582-1142
Facsimile: 504-582-1172
Email: jmaselli@pmpllp.com
**Attorneys for Key Brand Theatrical Group, Inc. d/b/a Broadway Across America, erroneously referred to as Key Brand Entertainment, Inc. d/b/a Broadway Across America**


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing pleading was electronically filed with the Clerk of court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Covington, Louisiana this 30th day of April, 2013.

        *s/ Thomas H. Huval*
        THOMAS H. HUVAL