CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 12-10397                                              DIVISION "F"

COLLEEN M. KOTTEMANN SUTHERLAND ET AL

V.

ARTS CENTER ENTERPRISES ET AL

FILED:_____

                                                        _____
                                                            DEPUTY CLERK

## ANSWERS TO INTERROGATORIES

TO:   Arts Center Enterprises- New Orleans, LLC
      d/b/a Mahalia Jackson Theater
      through its attorney of record
      Hailey, McNamara et al
      One Galleria Boulevard, Suite 1400
      Metairie, LA 70011

NOW INTO COURT, NOW INTO COURT, through undersigned counsel, come

plaintiffs, Glenn Sutherland and Colleen Sutherland who hereby answer Arts Center Enterprises'

Interrogatories as follows:

### INTERROGATORY NO. 1:

Please state your full name, and any other names you have been known by, your date and place of birth, your marital status at the time of the accident, your present marital status, your present home address, and your social security number.

### ANSWER TO INTERROGATORY NO. 1:

   Glenn Sutherland
   431 Calhoun St.
   New Orleans, LA 70118
   DOB: 10/16/49
   SS# 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

   Colleen Mary Kotteman Sutherland
   DOB: 6/28/55
   SS# 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

   Date of Marriage    January 23, 1993

### INTERROGATORY NO. 2:

Describe in detail the injuries you sustained in the accident upon which this lawsuit is based and whether or not you would agree to furnish to me written authorization to obtain copies of medical and x-ray records from the hospital and persons referred to in your answers to these Interrogatories.

### ANSWER TO INTERROGATORY NO. 2:

Plaintiff Glenn Sutherland received injuries to his right leg, calf and knee. Please see attached medical records for description of injuries and treatment received. Glenn did not have

any knee problems prior to this incident.

Plaintiff Colleen Sutherland has suffered with depression, nightmares, anxiety and is ver worried about her husband and his injuries from this incident and her loss of consortium, services and society..

### INTERROGATORY NO. 3:

If you have fully recovered from any of said injuries state approximate date of recovery from each particular injury, and if you have not fully recovered, state in what respects you are still affected by them.

### ANSWER TO INTERROGATORY NO. 3:

Plaintiff Glenn Sutherland has not fully recovered. He has difficulty getting around and standing up. His injury has affected plaintiff's ability to find a job, his ability to help around the house and his ability to bowl as he did before.

Plaintiff Colleen Sutherland has not fully recovered. She is still upset and that someone could do this to her husband causing such serious injury. Colleen is currently seeing a therapist.

### INTERROGATORY NO. 4:

State the name and address of all hospitals, clinics, nursing homes or other institutions in which you have been confined or received outpatient treatment because of this incident.

### ANSWER TO INTERROGATORY NO. 4:

Glenn has received treatment from:

John Kokemor, M.D.
2633 Napoleon Ave.
4th Floor
New Orleans, LA 70115

Chiropractic Health Center
101 Clearview Pkwy
Metairie, LA 70001

Southern Orthopaedic Specialists
2731 Napoleon Ave.
New Orleans, LA 70115

Jefferson Ambulatory Surgery Center
2701 Lake Villa Dr.
Metairie, LA 70002

See attached medical records for description of plaintiff's injuries and dates of treatment.

**Colleen Sutherland**

Jane Brewer, therapist
804 North Causeway Boulevard
Metairie, LA 70001

### INTERROGATORY NO. 5:

Please state the name and address of all doctors, therapists and/or practitioners how have rendered service to you, whether in the hospital or elsewhere, because of this accident, stating all dates on which service was rendered and describing in detail the general nature of treatment rendered by each person.

## ANSWER TO INTERROGATORY NO. 5:

See answer to Interrogatory No. 4.

## INTERROGATORY NO. 6:

Please itemize all medical specials or charges you have incurred as a result of this accident and would you attach copies of all medical reports, bills, etc., concerning your treatment and/or examination of injuries you have received in this accident without the necessity of a request for production of documents.

## ANSWER TO INTERROGATORY NO. 6:

Unknown at this time. Plaintiff reserves the right to supplement this answer. See attached medical reports and/or bills in plaintiffs' possession at this time.

## INTERROGATORY NO. 7:

Please state the date of your last treatment by any doctor, therapist or practitioner and whether you have any future appointments to bee seen by any doctor, therapist or practitioner giving his/her name, address, telephone number and the date of said appointment.

## ANSWER TO INTERROGATORY NO. 7:

Plaintiff Glenn Sutherland is no longer treating.
Plaintiff Colleen has an appointment with her therapist Dr. Brewer on February 25, 2013.

## INTERROGATORY NO. 8:

If any x-rays were taken of you because of this accident for the purpose of diagnosis or treatment please state where taken, by whom and the findings report.

## ANSWER TO INTERROGATORY NO. 8:

See attached medical reports.

## INTERROGATORY NO. 9:

If you are still under treatment for the injuries sustained in this accident, please state where, by whom and how frequently such treatments are given to you.

## ANSWER TO INTERROGATORY NO. 9:

Glenn Sutherland has finished treating for his injuries as he has been told that he has reached maximum medical improvement by his current physician. He does however plan to secure a second opinion as he still has limitations and pain, probably from knee specialist Dr. Fernando Sanchez, MD at Tulane.

## INTERROGATORY NO. 10:

State how long you were ill or disabled as a result of this accident, whether or not such illness or disability interfered with your normal employment or activities, and what you did during the period of such disability to effect a cure or alleviation thereof.

## ANSWER TO INTERROGATORY NO. 10:

Plaintiff Glenn Sutherland was unemployed at the time of the incident. At that time of the incident Plaintiff Glenn Sutherland was actively looking for a job and was an active participant in a bowling league that competed in tournaments. Glenn had a few job interviews lined up but had to go to the interviews with crutches and a brace and believes that it effected his ability to find a job and/or get hired. The injury has also affected his bowling performance. He

had to miss several tournaments. In January 2013 he started receiving social security disability benefits.

### INTERROGATORY NO. 11:

Please state the name and address of all employers by whom you were employed at the time of the accident and for ten years preceding this accident, as well as stating for whom you have worked since the accident, specifying the nature of your employment with each.

### ANSWER TO INTERROGATORY NO. 11:

Glenn Sutherland was unemployed at the time of the incident. He previously worked for General Aviation from 1995-2002 loading cargo planes. From 2006-2010, he worked in the kitchen at Langenstein's in Metairie.

Colleen is currently employed as a clerk at the United States Postal Service. She has been working for the postal service since 1981.

### INTERROGATORY NO. 12:

If you are claiming loss of earnings from the employer because of this accident, state the total amount of such loss and method of computation, the date you were absent from your employment, and the date you first returned to work after the accident.

### ANSWER TO INTERROGATORY NO. 12:

Plaintiffs are not making a loss of earning claim per se for time absent from employment, as plaintiff Glenn Sutherland was unemployed at the time of the incident. However, plaintiff will be making a claim of impairment of earning capacity as he would have secured employment within 30 days but for this injury. Plaintiffs' are unsure as to the amount of impairment of earning capacity and will be hiring an economist and/or actuary to determine the amount. Plaintiffs reserve the right to supplement this answer.

### INTERROGATORY NO. 13:

If you were self-employed at the time of the accident, please state the date you were unable to engage in your self-employment by reason of this accident, and the amount you claim as lost income, earnings or other financial losses and the method of computation.

### ANSWER TO INTERROGATORY NO. 13:

Plaintiffs are not self-employed.

### INTERROGATORY NO. 14:

State whether you received your full or partial salary or income during the period of alleged disability. If so, give amounts and dates.

### ANSWER TO INTERROGATORY NO. 14:

Plaintiff Glenn Sutherland was unemployed at time of incident. He was receiving unemployment benefits.

### INTERROGATORY NO. 15:

If you sustained any financial losses as a result of the accident, state in detail the nature, dates and amounts of such additional losses.

### ANSWER TO INTERROGATORY NO. 15:

Plaintiff is unable to work and is now receiving social security disability. His loss of

earnings has not yet been calculated.

## INTERROGATORY NO. 16:

If you have ever been involved in any other accident of any kind before or after the accident upon which this suit is based, state in detail the date of each accident, the injuries that were sustained, and if suit was filed, the Court and docket number of any suit which was instituted for the recovery of damages.

## ANSWER TO INTERROGATORY NO. 16:

Plaintiffs object to this interrogatory to the extent that it is unreasonable, irrelevant, vague, ambiguous, compound, unduly burdensome, overbroad and not limited in time and scope. Subject to said objection and without waiving same, plaintiff responds as follows:

Plaintiffs do not and could not possibly recall each and every accident or injury that they may have suffered at any point in their entire life, much less the dates of any accident or injury, or the name of each doctor that may have treated them. They can say that they were not injured in any type of incidents and/or accidents in many, many years that they can recall, other than over 15 years ago, Colleen sat in a broken chair at K&B, the chair gave way and she fell, injuring her back. Case was settled. Her attorney was Phil Ciaccio.

## INTERROGATORY NO. 17:

If you ever suffered any injuries, sickness, disease or abnormality of any kind prior to the accident alleged in this action, involving any part of function of the body claimed in this suit to have injured, please state when and describe the nature of said injury, sickness, diseases or abnormality.

## ANSWER TO INTERROGATORY NO. 17:

Plaintiff Glenn Sutherland has not had any prior injury to his knee.

## INTERROGATORY NO. 18:

If you have been seen by a doctor, chiropractor, nurse, psychologist, psychiatrist, dentist or any other medical persons at a hospital, clinic or other medical facilities, either before or after this accident, for any injuries, accidents or reasons whatsoever, other than for the accident and injuries alleged in your Petition, please list the name, address and phone number of the person or place, the date of the visit and your reason for the visit.

## ANSWER TO INTERROGATORY NO. 18:

Plaintiffs object to this interrogatory for the reasons stated in Answer # 16 above. Subject to said objection and without waiving same, Plaintiff Glenn Sutherland has received treatment for Skin Cancer.

Dr. Laura Williams (Dermatologist -skin cancer)
3800 Houma Blvd,
Metairie, LA 70006

Dr. Finley     (Surgery - skin cancer)
2820 Napoleon Ave.
New Orleans, LA 70115

## INTERROGATORY NO. 19:

State the name, home address and business address of all witnesses you intend to call to trial to establish any facts pertaining to the cause of the accident or acts of negligence by the defendants alleged in your Petition or Complaint, or upon whom you will rely to prove either liability or disability in this case.

## ANSWER TO INTERROGATORY NO. 19:

Plaintiffs are unaware of all witnesses as discovery is in its nascent stage and are currently only ware of the following:

> Glenn Sutherland
> Colleen Sutherland
> Josh Beverly (director at Mahalia Jackson)
> Actor who jumped on Plaintiff's knee/leg
> A representative from each of the named defendants
> person who took report of the incident

Plaintiff reserves the right to supplement this answer.

## INTERROGATORY NO. 20:

Please state whether or not you have consulted or retained or engaged the services of any expert in connection with this litigation, and for each expert consulted or retained or engaged or on whose opinion or testimony you intend to rely and job title, are of expertise, and the specific factual issue to which his opinion pertains.

## ANSWER TO INTERROGATORY NO. 20:

None other than plaintiff Glenn Sutherland's treating physicians at this time. Medical records are attached. Plaintiffs will also be hiring an economist and/or actuary in the near future and reserves the right to supplement this answer.

## INTERROGATORY NO. 21:

State specifically and with particularity how your accident occurred and the alleged acts of negligence that the defendants committed.

## ANSWER TO INTERROGATORY NO. 21:

Plaintiffs were sitting watching the performance "Rock of Ages" when one of the actors came down the isle, acting drunk and jumped on Glenn Sutherland's right leg, causing injury.

## INTERROGATORY NO. 22:

State whether you have retained true and correct copies of your income tax returns for the year of the accident and for the three years prior to the year of the accident, and if so, state your earnings as reported on each of those returns. Will you attach copies of said income tax returns without the necessity of filing a formal request for production of documents or will you authorize me to obtain such copies from the Internal Revenue Service.

## ANSWER TO INTERROGATORY NO. 22:

Plaintiffs have signed an authorization and it is attached.

## INTERROGATORY NO. 23:

Please provide a copy of all facts, information or data that you claim substantiates, corroborates or proves that defendants, Arts Center Enterprises-New Orleans, LLC d/b/a Mahalia Jackson Theater had any actual or constructive knowledge of any alleged defect as alleged in the Petition for Damages.

## ANSWER TO INTERROGATORY NO. 23:

Upon information and belief, the performance at which Plaintiff was injured was not the first performance of the show. Certainly Defendants had (or should have had) one or more persons present during prior performances to monitor activities on its premises. Defendants, Arts

Center Enterprises-New Orleans, LLC d/b/a Mahalia Jackson Theater knew or should have known that lessees of its premises were allowing persons employed by lessees to assault patrons of the facility by suddenly and without warning jumping upon them, and should have prevented such from happening to guests such as Plaintiffs who were patrons of its premises.

**INTERROGATORY NO. 24:**

Please state all facts, information or data which substantiates, corroborates, or proves each and every allegation of negligence set forth in paragraph 5 of the Petition.

**ANSWER TO INTERROGATORY NO. 24:**

See Answer # 23 above and all Answers and responsive documents in Plaintiffs possession at this time.

**INTERROGATORY NO. 25:**

Please provide the name, address and telephone number of all persons you claim, could substantiate, corroborate or prove that the Arts Center Enterprises-New Orleans, LLC d/b/a Mahalia Jackson Theater had any knowledge or notice of any alleged defect in the premises as alleged in the Petition for Damages

**ANSWER TO INTERROGATORY NO. 25:**

Unknown at this time as discovery is in its nascent stage

**INTERROGATORY NO. 26:**

Please provide all facts, information or date which you claim substantiates, corroborates or proves that Arts Center Enterprises-New Orleans, LLC d/b/a Mahalia Jackson Theater either knew or should have known of any alleged hazardous activities that were going to be conducted by any renters/lessees in the form of actors committing trespass upon patrons/invitees.

**ANSWER TO INTERROGATORY NO. 26:**

See Answer to # 23 above and see Answer # 24 above.

**INTERROGATORY NO. 27:**

Provide the name, address, and telephone number of every person or witness you claim can substantiate, corroborate or prove that Arts Center Enterprises-New Orleans, LLC d/b/a Mahalia Jackson Theater knew or should have known of the hazardous activities that were going to be conducted by its renters/lessees in the form of actors committing trespass upon patrons/invitees.

**ANSWER TO INTERROGATORY NO. 27:**

See Answer to # 23 above and see Answer # 24 above.

**INTERROGATORY NO. 28:**

Provide all facts, information or data that you claim substantiates, corroborates or proves that Arts Center Enterprises - New Orleans, LLC d/b/a Mahalia Jackson Theater were negligent in any way as alleged in Paragraph IV of the Petition for Damages.

**ANSWER TO INTERROGATORY NO. 28:**

See Answer to # 23 above and see Answer # 24 above.

Respectfully submitted:

*[signature]*

**VAL PATRICK EXNICIOS, T.A.  (LA Bar #19563)**
Carlos A. Ramirez (LA #31532)
*Liska, Exnicios & Nungesser*
Attorneys & Counselors-at-Law
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
(504) 410-9611
Fax: (504) 410-9937
Vpexnicios@exnicioslaw.com
Cramirez@exnicioslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served to all counsel of record by facsimile, email, and/or placing same in the United States mail, postage prepaid, on this _27th_ day of _February_, 2013.

*[signature]*
VAL P. EXNICIOS