UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COLLEEN M. KOTTEMANN  CIVIL ACTION
SUTHERLAND, ET AL

VERSUS  NO. 13-572

ARTS CENTER ENTERPRISES, NEW  SECTION "C" (3)
ORLEANS, ETC., ET AL

ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal. Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiffs filed suit in state court on November 5, 2012, seeking recovery for personal injuries allegedly sustained to his knee in an accident on November 6, 2011 during a stage performance in a theatre. This matter was removed on the basis of diversity jurisdiction.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores

A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id. This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. Id. It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

    The Court finds that the defendants have not met their burden to show that the jurisdictional amount is facially apparent for present purposes. The petition in state court did not include a jury request. In addition, the Court finds that the plaintiffs have not made a showing sufficiently particularized to meet their burden. The parties do

agree that the injured plaintiff, who had been unemployed since 2010 prior to the accident at age 62, incurred medical expenses in the approximate amount of $14,716.00 for treatment that involved arthroscopic surgery in January 2012 to address a tear in the lateral meniscus in the plaintiff's right knee, a sprain of the anterior cruciate ligament and chondromalacia of the patella femoral joint and lateral compartment of that knee. The defendants rely heavily on the plaintiff's answers to discovery that he believed he suffered a loss of earning capacity, that he did not know the amount of total damages claimed, but that he believed that they exceeded $75,000.  Rec. Doc. 9.  The plaintiffs provide some quantum research in their memorandum and acknowledges that the awards for injuries similar to the plaintiff's "vary greatly."  Rec. Doc. 8 at 3.

The Court agrees with the plaintiffs that the awards for similar injuries does vary greatly.   However, this plaintiff was unemployed and age 62 at the time of the accident, and the injuries involved one knee and one arthroscopic procedure.  The Court's review of recent relevant knee injury cases indicates a range for general damages between $5,000 and $46,000, falling short of the jurisdictional minimum at the time of removal. *See* Menard v. Audubon Ins. Group, 953 So.2d 187  (La.App.3rdCir.2007)($20,000); Cormier v. Coston, 918 So.2d 541 (La.App.3rdCir. 2005) ($30,000);  Farrell v. Pierre, 846 So.2d 49 (La.App.5th Cir. 2003)($46,115); Poulan v. Hunter, 830 So.2d 1125 (La.App.2nd Cir. 2002)($32,000); Winfield v. Dih, 816 So.2d 942 (La.App.4thCir.2002)($40,000).  The

Court finds that the record does not support a finding that this Court had subject matter jurisdiction at the time of removal.

Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction.  In addition, the Court is mindful that removal jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the Civil Judicial District Court for the Parish of Orleans,  State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 6th day of May, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE